Exhibit B

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAREK HOLDINGS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:15-CV-1421 |
| | § | |
| THE TRAVELERS CASUALTY | § | |
| INSURANCE COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### EXHIBIT B

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

     a.  Plaintiff's Original Petition
        Filed:  March 30, 2015

     b.  Civil Case Information Sheet
        Filed:  March 30, 2015

     c.  Defendant Travelers Casualty Insurance Company of America's Answer to
        Plaintiff's Original Petition
        Filed:  April 28, 2015

# Exhibit B-1

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAREK HOLDINGS, L.P.,      §
     §
       Plaintiff,      §
     §
v.      §     CIVIL ACTION NO. 3:15-CV-1421
     §
THE TRAVELERS CASUALTY      §
INSURANCE COMPANY OF AMERICA,      §
     §
       Defendant.      §

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Documents filed and all orders entered in the state court action as listed below:

1.  Plaintiff's Original Petition
    Filed: March 30, 2015

2.  Civil Case Information Sheet
    Filed: March 30, 2015

3.  Defendant Travelers Casualty Insurance Company of America's Answer to Plaintiff's
    Original Petition
    Filed: April 28, 2015

# Exhibit B-2

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back   Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-03630

MAREK HOLDINGS, L.P. vs. THE TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

§
§
§
§
§

Case Type:   **INSURANCE**
Date Filed:   **03/30/2015**
Location:   **298th District Court**

---

| PARTY INFORMATION |
|---|

|  |  | Lead Attorneys |
|---|---|---|
| DEFENDANT | THE TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | **JENNIFER L. GIBBS** *Retained* 214-742-3000(W) |
| PLAINTIFF | MAREK HOLDINGS, L.P. | **TIMOTHY MICHAEL HOCH** *Retained* 817-731-9703(W) |

---

| EVENTS & ORDERS OF THE COURT |
|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/30/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 03/30/2015 | **ORIGINAL PETITION** *Petition* |
| 03/30/2015 | **CASE FILING COVER SHEET** *CIVIL COVER SHEET* |
| 04/06/2015 | **ISSUE CITATION** |
| 04/06/2015 | **CITATION** *1 CERT MAIL CIT 9214-8901-0661-5400-0055-8182-29* THE TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA    Unserved |
| 04/28/2015 | ORIGINAL ANSWER - GENERAL DENIAL *Defendant's Original Answer* |

---

| FINANCIAL INFORMATION |
|---|

| | | | |
|---|---|---|---|
| | **PLAINTIFF MAREK HOLDINGS, L.P.** | | |
| | Total Financial Assessment | | 369.00 |
| | Total Payments and Credits | | 369.00 |
| | **Balance Due as of 05/06/2015** | | **0.00** |
| 04/01/2015 | Transaction Assessment | | 369.00 |
| 04/01/2015 | CREDIT CARD - TEXFILE   Receipt # 19033-2015-DCLK (DC) | MAREK HOLDINGS, L.P. | (369.00) |

# Exhibit B-3

# Exhibit B-3-a

FILED
DALLAS COUNTY
3/30/2015 4:09:46 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-03630

| | | |
|---|---|---|
| MAREK HOLDINGS, L.P. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

MAREK HOLDINGS. LP files this suit for damages against THE TRAVELERS CASUALTY INSURANCE COMPANY of AMERICA for negligence and breach of an insurance contract and in support hereof would show the Court and Jury:

### I.

### DISCOVERY CONTROL PLAN

1.    Discovery in this suit shall be according to a "Level 3" discovery control order, pursuant to Texas Rule of Civil Procedure 190.4.

### II.

### PARTIES

2.    MAREK HOLDINGS, LP ("Plaintiff") is a Texas Limited Partnership. Plaintiff is the owner of a commercial property located at 2606 Manana Drive, Dallas County, Texas 75006.

3.    THE TRAVELERS CASUALTY INSURANCE COMPANY of AMERICA is a Connecticut insurance company licensed to write property and casualty insurance in the State of Texas by the Texas Department of Insurance.  This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure

as follows: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III.

#### VENUE AND JURISDICTION

6.      Venue is proper in Dallas County as the Plaintiff owns, and the Defendants have insured, the property made the basis of this suit which is located in Dallas County, Texas. Further, all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas.

7.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff sues for monetary relief in an amount in excess $200,000.00 and less than $1,000,000.00.

### IV.

#### BACKGROUND FACTS

8.      Plaintiff is the owner of a commercial property located at 2606 Manana Drive, Dallas, Dallas County, Texas 75222 (the "property").

9.      The property was insured by Defendant THE TRAVELERS CASUALTY INSURANCE COMPANY of AMERICA ("Travelers") under Commercial Lines Account No. 7276V2134, (the "policy") beginning in August 2010 and in effect during all periods relevant hereto.

10.      On or about May 24, 2011, the Property was hit by a large hailstorm and sustained heavy roof and structural damage. After Plaintiff discovered the hail, wind and storm damage, Plaintiff notified Travelers about this loss.

11.      Defendant Travelers required Plaintiff to submit to the Appraisal process under the terms of the Policy. Plaintiff, unaware of the scope or effect of the Appraisal process, participated.

The Appraisal process resulted in an Umpire's Award of March 6, 2015 which awarded Plaintiff $12,053.64. This Award only considered damage from a June 8, 2012 date of loss. Plaintiff never participated in, and was never apprised of its rights to participate in, an Appraisal process that would consider damage from other storms that occurred during periods where Defendant was the insurer. This piecemeal Appraisal was designed by Defendant Travelers as a way to "divide and conquer" Plaintiff's claims under the policy. By narrowing the scope of an appraisal to a solitary date Travelers grossly circumscribed the amounts that could be claimed by Plaintiff under the Policy. By embarking on this strategy, Defendant Travelers has failed and refused pay Plaintiff for the damages caused during the policy period(s). This failure to pay for the damages sustained during the policy period(s) is a breach of the terms of the Policy.

12.     Travelers Defendants have failed and refused to pay Plaintiff an appropriate amount for losses and damages caused to Plaintiff's property by an occurrence covered under their contract of insurance.

## V.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT

16.     Plaintiff contracted with Defendant Travelers for property and casualty insurance on the property made the basis of this lawsuit.  As part of the contract for insurance, Plaintiff paid the Defendant Travelers premiums as required under the terms of the Policy.  Defendant Travelers agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss."  The damage to the Plaintiff's building was the type covered by the contract for insurance.

17.     Defendant Travelers breached the contract for insurance in one or more of the following ways:

(a)     Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

(b)     Failing to provide a reasonable explanation of the basis for denying the claim; and

(c)     Failing to promptly and equitably pay the claim once liability had become reasonably clear.

18.     This breach of contract by the Defendant Travelers is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VI.

### SECOND CAUSE OF ACTION-NEGLIGENCE

19.     Defendant Travelers owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry.

20.     Defendant Travelers breached its duty to Plaintiff in one or more of the following ways:

(a)     Failing to properly investigate the claim;

(b)     Failing to properly adjust the claim;

(c)     Failing to pay the claim in a timely manner.

21.     These acts or omissions by the Defendant Travelers, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VII.

### THIRD CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

21.     From and after the time the Plaintiff's claim was presented to the Defendant Travelers, it's liability to pay the claim in accordance with the terms of the Insurance Policy was reasonably

clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendant Travelers refused to accept the claim and pay Plaintiff.

22.     At that time, Defendant Travelers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Plaintiff will show that Defendant Travelers failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges, including requirement that Plaintiff submit to piecemeal Appraisal to avoid paying a valid claim.

23.     Consequently, Defendant Travelers breached its duty to deal fairly and in good faith with the Plaintiff.  Defendant Traveler's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant Travelers.

24.     The breach of duty by the Defendant Travelers was aggravated by the kind of malice, fraud or gross negligence for which the law allows the imposition of exemplary damages.

25.     Defendant Travelers' conduct was aggravated by malice because the conduct was specifically intended to cause substantial injury to Plaintiff.

26.     Defendant Travelers conduct was grossly negligent in that the conduct involved an extreme degree of risk of potential harm to the Plaintiff or others and, despite Defendant Travelers being actually and subjectively aware of the risk involved, Defendant Travelers proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiff.

27.     Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact.

VIII.

**FOURTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES**

28.     Plaintiff would show that Defendant Travelers engaged in certain false, misleading

and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

29.     Violations of Section 17.46(b).  Defendant Travelers violated Section 17.46(b) of the Texas Business and Commerce Code.  Specifically, Defendant Travelers:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b)     represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(d)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(e)     failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

30.     Unconscionable Action or Course of Action.  Defendant Travelers engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

IX.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS INSURANCE CODE**

31.     Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code.  Specifically, Defendant Travelers:

(a)     misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b)    failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendants' liability had become reasonably clear; and/or

(c)    failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant's denial of a claim or offer of a compromise settlement of a claim.

(d)    refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

32.    Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

33.    Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## X.

### DISCOVERY

23.    Pursuant to Tex.R.Civ.P. 194, Defendant Travelers is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex.R.Civ.P. 194.2.

## XI.

### CONDITIONS PRECEDENT

35.    By letter dated March 19, 2015, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq and tge Texas Insurance Code Sections 541 and 542 et seq. The 60 day Notice had not expired prior to the filing of this Petition. Such Notice was rendered impracticable because of the necessity of filing

before the expiration of the Statute of Limitations. All other conditions precedent to filing suit have been met, including Plaintiff's payment of the insurance premium to Defendant Travelers.

## XII.

### PRAYER

24.     For these reasons, Plaintiff asks that Defendant Travelers be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant Travelers for:

(a)     Actual damages;

(b)     Reasonable and necessary attorney's fees;

(c)     Extra-contractual damages for Defendant's violations of the Texas Insurance Code including exemplary and punitive damages for knowing violations:

(c)     Pre-judgment and post-judgment interest as allowed by law;

(d)     Costs of court;

(e)     All other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,


/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile
tim@hochlawfirm.com

Exhibit B-3-b

FILED
DALLAS COUNTY
3/30/2015 4:09:46 PM
FELICIA PITRE
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET
### DC-15-03630

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED  Marek Holdings, L.P. v. The Travelers Casualty Insurance Company of America
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Tim Hoch | Email: tim@hochlawfirm.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Address: 5616 Malvey Avenue | Telephone: 817-731-9703 | Plaintiff(s)/Petitioner(s): Marek Holdings, LP | [X] Attorney for Plaintiff/Petitioner [ ] Pro Se Plaintiff/Petitioner [ ] Title IV-D Agency [ ] Other: |
| City/State/Zip: Fort Worth, TX 76107 | Fax: 817-731-9706 | Defendant(s)/Respondent(s): The Travelers Casualty Insurance Company of America | Additional Parties in Child Support Case: Custodial Parent: Non-Custodial Parent: |
| Signature: | State Bar No: 09744950 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* [ ] Consumer/DTPA [ ] Debt/Contract [ ] Fraud/Misrepresentation [ ] Other Debt/Contract: | [ ] Assault/Battery [ ] Construction [ ] Defamation *Malpractice* [ ] Accounting [ ] Legal [ ] Medical [ ] Other Professional Liability: | [ ] Eminent Domain/ Condemnation [ ] Partition [ ] Quiet Title [ ] Trespass to Try Title [ ] Other Property: | [ ] Annulment [ ] Declare Marriage Void *Divorce* [ ] With Children [ ] No Children | [ ] Enforcement [ ] Modification—Custody [ ] Modification—Other |
| *Foreclosure* [ ] Home Equity—Expedited [ ] Other Foreclosure [ ] Franchise [X] Insurance [ ] Landlord/Tenant [ ] Non-Competition [ ] Partnership [ ] Other Contract: | [ ] Motor Vehicle Accident [ ] Premises *Product Liability* [ ] Asbestos/Silica [ ] Other Product Liability List Product: ____ [ ] Other Injury or Damage: | **Related to Criminal Matters** [ ] Expunction [ ] Judgment Nisi [ ] Non-Disclosure [ ] Seizure/Forfeiture [ ] Writ of Habeas Corpus— Pre-indictment [ ] Other: | **Title IV-D** [ ] Enforcement/Modification [ ] Paternity [ ] Reciprocals (UIFSA) [ ] Support Order **Parent-Child Relationship** [ ] Adoption/Adoption with Termination [ ] Child Protection [ ] Child Support [ ] Custody or Visitation [ ] Gestational Parenting [ ] Grandparent Access [ ] Parentage/Paternity [ ] Termination of Parental Rights [ ] Other Parent-Child: | |
| | | | **Other Family Law** [ ] Enforce Foreign Judgment [ ] Habeas Corpus [ ] Name Change [ ] Protective Order [ ] Removal of Disabilities of Minority [ ] Other: | |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination [ ] Retaliation [ ] Termination [ ] Workers' Compensation [ ] Other Employment: | [ ] Administrative Appeal [ ] Antitrust/Unfair Competition [ ] Code Violations [ ] Foreign Judgment [ ] Intellectual Property | [ ] Lawyer Discipline [ ] Perpetuate Testimony [ ] Securities/Stock [ ] Tortious Interference [ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal [ ] Tax Delinquency [ ] Other Tax | *Probate/Wills/Intestate Administration* [ ] Dependent Administration [ ] Independent Administration [ ] Other Estate Proceedings | [ ] Guardianship—Adult [ ] Guardianship—Minor [ ] Mental Health [ ] Other: | | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev 2/13

Exhibit B-3-c

FILED
DALLAS COUNTY
4/28/2015 3:04:10 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-03630

| | | |
|---|---|---|
| MAREK HOLDINGS, L.P., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS CASUALTY | § | |
| INSURANCE COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | 298TH JUDICIAL DISTRICT |

**TRAVELERS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant The Travelers Casualty Insurance Company of America ("Travelers"), submits the following Original Answer to Plaintiff's Marek Holding, L.P.'s ("Plaintiff") Original Petition.

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Travelers generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Travelers demands that Plaintiff prove every fact in support of its claims regarding violations of the TEXAS INSURANCE CODE, violations of the duty of good faith and fair dealing, DECEPTIVE TRADE PRACTICES ACT, negligence, and breach of contract by a preponderance of the evidence. By this general denial, Travelers further demands that Plaintiff prove every fact in support of its exemplary damages claims by clear and convincing evidence.

## II.
## SPECIAL DENIAL

Travelers denies that Plaintiff has satisfied all conditions precedent to the recovery it now seeks. Travelers specifically denies that it received timely written notice of Plaintiff's claims as

required by Section 17.505 of the TEXAS BUSINESS AND COMMERCE CODE. Travelers denies that Plaintiff has properly presented their claim for attorneys' fees under § 38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Plaintiff is thus barred from any recovery on such claims. Travelers also denies that Plaintiff has satisfied all property loss conditions and conditions required prior initiating legal action as stated in the Policy.

## III.
## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred, in whole or in part, to the extent that this lawsuit was not filed within the applicable statute of limitations.

2.    Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions, contained in The Travelers Lloyds Insurance Company policy number IL-PACP-2A068612-ACJ-11 (the "Policy").

3.    The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

4.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff ha sbeen paid pursuant to a binding appraisal award.

5.    Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was pre-existing and/or did not occur during the applicable policy period.

6.    Plaintiff's claims are barred, in whole or in part, to the extent the physical loss of or damage was not caused by or resulting from a covered cause of loss.

7.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

8.     Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from wear and tear, rust, corrosion, fungus, decay, deterioration, wet or dry rot, latent defect, or any quality in property that caused it to damage or destroy itself.

9.     Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from settling, cracking, shrinking or expansion.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damage was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials or maintenance.

11.     Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

12.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

13.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to cooperate with Travelers in the investigation of the claim.

14.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

15.     Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

16.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

17.    A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy.  Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Travelers' policyholders without facing bad faith or extra-contractual liability. Travelers would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

18.    Travelers reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## IV.
## PRAYER

Travelers prays that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing, and (iii) Travelers be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By: _____ */s/ Jennifer L. Gibbs* _____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    jmaniscalco@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**
**THE TRAVELERS CASUALTY**
**INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing Original Answer has been served this __28th__ day of April, 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

    Timothy M. Hoch
    tim@hochlawfirm.com
    HOCH LAW FIRM, P.C.
    5616 Malvey Avenue
    Fort Worth, TX 76107
    Telephone:    817-731-9703
    Facsimile:    817-731-9706
    *Attorney for Plaintiff*
    *Marek Holdings, L.P.*

                _____ */s/ Jennifer L. Gibbs* _____
                Jennifer L. Gibbs